Approved: _____
MAURENE COMEY
Assistant United States Attorney

Before:   HONORABLE JUDITH C. McCARTHY
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - - - x

16 mag 6759

UNITED STATES OF AMERICA            :   **SEALED COMPLAINT**

          - v. -                    :   Violations of
                                        18 U.S.C. § 1040
BEREL WEISS,                        :
                                        COUNTY OF OFFENSE:
                    Defendant.      :   ROCKLAND

- - - - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

 DAVID WOO, being duly sworn, deposes and says that he is a Special Agent with the U.S. Department of Homeland Security Office of Inspector General, and charges as follows:

COUNT ONE
(Fraud in Connection with Major Disaster or Emergency Benefits)

 1. From at least in or about September 2011, up to and including at least in or about January 2013, in the Southern District of New York and elsewhere, BEREL WEISS, the defendant, did knowingly falsify, conceal, and cover up by trick, scheme, and device material facts, and did make materially false, fictitious, and fraudulent statements and representations, and did make and use false writings and documents knowing the same to contain materially false, fictitious, and fraudulent statements and representations, in matters involving benefits authorized, transported, transmitted, transferred, disbursed, and paid in connection with a major disaster declaration under section 401 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act, to wit, the disaster declaration in connection with Hurricane Irene, in circumstances where the authorization, transportation, transmission, transfer, disbursement, and payment of the benefit was in and affected interstate and foreign commerce, and the benefit was transported in the mail at points in the authorization, transportation, transmission, transfer, disbursement, and payment of that

conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

   4. As part of my investigation, I have reviewed records and other documents of the Department of Homeland Security Federal Emergency Management Agency ("FEMA") concerning disaster relief funds provided following Hurricane Irene. Based on those documents, I learned the following:

   a. On or about August 31, 2011, President Obama declared a major disaster for the areas in the State of New York affected by Hurricane Irene.

   b. On or about September 8, 2011, BEREL WEISS, the defendant, submitted to FEMA an Application for Disaster Assistance dated September 6, 2011 seeking disaster funds for his residence at 7 Cleveland Avenue, Spring Valley, NY ("7 Cleveland Avenue"). The application was purportedly signed by WEISS on September 7, 2011. Also on or about September 8, 2011, WEISS submitted to FEMA a handwritten letter stating that the dwelling at 7 Cleveland Avenue was uninsured.

   c. On or about September 26, 2011, WEISS submitted to FEMA a handwritten letter of appeal dated September 25, 2011 appealing FEMA's decision not to provide assistance related to personal property damages, emphasizing that his property was damaged by Hurricane Irene.

   d. On or about October 7, 2011, WEISS submitted to FEMA a completed Declaration of Continuing Need for Temporary Rental Assistance form. In that form, WEISS stated that his pre-disaster rent totaled $1,800 and his current rent totaled $2,000. The document was signed by WEISS and dated October 2, 2011. The form included an affirmation stating "My housing needs are not met by another source. I am not receiving housing assistance from another public agency such as the Department of Housing and Urban Development, Veterans Affairs, a local housing agency or other organization."

   e. Also on or about October 7, 2011, WEISS submitted to FEMA a handwritten letter dated September 15, 2011 allegedly written by an individual named Nathan Margareten. The letter stated that Weiss rented an apartment from Margareten on 40 Frances Place, Spring Valley, NY 10952 ("40 Frances Place") for five months and would live in the apartment from September 2011 through January 2012 due to damages to Weiss' house caused by Hurricane Irene.

per month in rent. WEISS also submitted to FEMA a handwritten letter dated July 3, 2012 stating that WEISS would be renting 40 Frances Place from August 2012 through October 2012 at the same rate.

    l. On or about September 4, 2012, WEISS submitted to FEMA a completed Declaration of Continuing Need for Temporary Rental Assistance form, which was dated August 30, 2012 and signed by WEISS. The form included an affirmation stating "My housing needs are not met by another source. I am not receiving housing assistance from another public agency such as the Department of Housing and Urban Development, Veterans Affairs, a local housing agency or other organization."

    m. That same day, WEISS submitted to FEMA a handwritten letter dated September 1, 2012 stating that WEISS rented 40 Frances Place from August 2012 through October 2012 and paid $2,000 per month in rent. WEISS also submitted to FEMA a handwritten letter dated September 4, 2012 stating that WEISS would be renting 40 Frances Place from November 2012 through January 2013 at the same rate.

    n. As a result of these submissions from WEISS, FEMA paid WEISS a total of $30,200 in FEMA disaster rental assistance for Hurricane Irene between on or about September 10, 2011 and on or about January 31, 2013. All of these payments were made by checks sent through the U.S. Postal Service to WEISS at his 7 Cleveland Avenue address in Rockland County, New York.

    5. As part of my investigation, I have reviewed records and other documents of FEMA concerning disaster relief funds provided following Hurricane Sandy. Based on those documents, I learned the following:

    a. On or about October 30, 2012, President Obama declared a major disaster for the areas in the State of New York affected by Hurricane Sandy.

    b. On or about January 1, 2013, BEREL WEISS, the defendant, submitted an Application for Continued Temporary Housing Assistance to FEMA for damage caused to 7 Cleveland Avenue during Hurricane Sandy, which was dated January 1, 2013. The form included an affirmation by WEIS stating, "My household has a continuous need for Temporary Housing Assistance because our housing needs are not being met by another source, i.e., my household is not receiving housing assistance from another

FEMA, which was signed by WEISS and dated June 23, 2013. The form included an affirmation stating, "My household has a continuous need for Temporary Housing Assistance because our housing needs are not being met by another source, i.e., my household is not receiving housing assistance from another public agency such as the U.S. Department of Housing and Urban Development, U.S. Department of Veterans Affairs, a local housing agency, or any other agency or organization providing housing."

        h.    That same day, WEISS submitted a letter dated June 5, 2013 stating that WEISS had rented 43 Frances Place in May, June, and July of 2013 for $2,800 per month. WEISS also submitted to FEMA a handwritten letter dated June 15, 2013 stating that WEISS would be renting 43 Frances Place from August 2013 through October 2013 at the same rate.

        i.    On or about August 25, 2013, WEISS submitted an Application for Continued Temporary Housing Assistance to FEMA, which was signed by WEISS and dated August 25, 2013. The form included an affirmation stating, "My household has a continuous need for Temporary Housing Assistance because our housing needs are not being met by another source, i.e., my household is not receiving housing assistance from another public agency such as the U.S. Department of Housing and Urban Development, U.S. Department of Veterans Affairs, a local housing agency, or any other agency or organization providing housing."

        j.    That same day, WEISS submitted a letter dated August 25, 2013 stating that WEISS had rented 43 Frances Place for August, September, and October of 2013 at $2,800 per month. WEISS also submitted to FEMA a handwritten letter dated August 25, 2013 stating that WEISS would be renting 43 Frances Place from November 2013 through January 2014 at the same rate.

        k.    On or about October 2, 2013, WEISS submitted an Application for Continued Temporary Housing Assistance to FEMA, which was signed by WEISS and dated September 25, 2013. The form included an affirmation stating, "My household has a continuous need for Temporary Housing Assistance because our housing needs are not being met by another source, i.e., my household is not receiving housing assistance from another public agency such as the U.S. Department of Housing and Urban Development, U.S. Department of Veterans Affairs, a local housing agency, or any other agency or organization providing housing."

"Well maintained and/or partially renovated." As a result of that application, WEISS received Section 8 benefits for 7 Cleveland Avenue between September 1, 2011 and September 1, 2012. Specifically, HUD paid WEISS's landlord $1,527 per month in rent, and WEISS was required only to pay $48 per month in rent for 7 Cleveland Avenue.

        e. On or about June 30, 2013, WEISS submitted another Housing Assistance Payments application to HUD for 7 Cleveland Avenue for the period beginning on September 1, 2013, affirming his residence at 7 Cleveland Avenue. WEISS did not disclose the FEMA disaster relief benefits he was receiving in his Section 8 application.

        f. As part of the application process for the 2013-14 Section 8 benefits year, HUD completed an inspection of 7 Cleveland Avenue. The inspection, which took place in or about July 2013, concluded that 7 Cleveland Avenue passed the inspection in every respect and was found by the inspector to be "Well maintained and/or partially renovated." As a result of that application, WEISS received Section 8 benefits for 7 Cleveland Avenue between September 1, 2013 and September 1, 2014. Specifically, HUD paid WEISS's landlord $1,575 per month in rent, and WEISS was required to pay $0 per month in rent for 7 Cleveland Avenue.

        7. As part of my investigation, I have spoken to an individual who lives near 7 Cleveland Avenue ("Witness-1"). Based on that conversation, I have learned the following:

        a. Witness-1 has lived near 7 Cleveland Avenue continuously since at least 2011.

        b. Witness-1 recalled that the Weiss family, including BEREL WEISS, the defendant, has resided at 7 Cleveland Avenue continuously for approximately 10 years.

        c. Witness-1 did not recall the Weiss family moving out of their residence for long periods of time during the period when Witness-1 lived near 7 Cleveland Avenue.

        8. As part of my investigation, I have spoken to an individual who lives near 43 Frances Place ("Witness-2"). Based on that conversation, I have learned the following:

        a. Witness-2 has lived near 43 Frances Place since at least 2011.

WHEREFORE the deponent respectfully requests that warrants be issued for the arrest of BEREL WEISS, the defendant, and that he be arrested and imprisoned or bailed, as the case may be.

_____
DAVID WOO
Special Agent
U.S. Department of Homeland
Security, Office of Inspector
General

Sworn to before me this
20 day of ~~September~~ 2016
October

_____
HONORABLE JUDITH C. McCARTHY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK